UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVIS, an individual, and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SOCIAL SERVICE COORDINATORS, INC., a Florida corporation, *et al.*,<br><br>    Defendants. | 1:10-CV-02372-OWW-SKO<br><br>ORDER RE: STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT; VACATING THE APRIL 4, 2011 HEARING; SETTING BRIEFING SCHEDULE |

On December 20, 2010, Plaintiff Lisa Davis filed this class action complaint alleging that Defendant Social Service Coordinators, Inc., incorrectly classified certain employees as "exempt" and denied overtime wages in violation of the Fair Labor Standards Act ("FLSA") and various provisions of California law. A first amended complaint ("FAC") was filed on January 18, 2011.

Defendant filed a motion to dismiss the FAC on February 8, 2011, arguing that the complaint lacked sufficient factual content under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

1

1  Plaintiff filed a second amended complaint ("SAC") on March 22, 2011. Plaintiffs were not granted leave to amend by the court nor did they have written consent from opposing parties per Fed. Rule Civ. Proc. 15(a)(2).

Under Fed. R. Civ. P. 15(a), a party is allowed to amend its pleading <u>once</u> as a matter of course within 20 days of serving the pleading, or at any time before a responsive pleading is served. After this time period, a party may amend its pleading by leave of court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The SAC is stricken because it was a *second attempt* to amend filed without leave of court or party consent in violation of Fed. R. Civ. P. 15(a). After Plaintiff filed the FAC, she could no longer amend her complaint as a matter of right. The SAC was filed in violation of Rule 15(a) and is stricken from the record. *See, e.g., Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 875 (N.D. Cal. 2004) (a court may strike a complaint where a plaintiff has failed to comply with Rule 15(a)).

Plaintiff is directed to file an opposition to the motion to dismiss and/or a motion for leave to amend the complaint by April 20, 2011.

Plaintiff is further reminded that an amended pleading does not necessarily moot a pending motion to dismiss:

> A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading. This effect of an amended pleading under Rule 15(a) becomes particularly important when the amendment purports to

2

> **cure a defective earlier pleading. For example, plaintiff may file a new complaint that does not refer to or adopt any of the deficient allegations in the original pleading; if the first complaint is considered superseded by the amendment, the court is not required to dismiss the suit when a motion points up the weaknesses of the earlier pleading. On the other hand, defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.**

**6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted)**

**If Plaintiff forgoes filing an opposition to the motion to dismiss, her motion to amend should explain how the amended complaint cures each of the defects asserted in the motion to dismiss.**

**The April 4, 2011 hearing is VACATED. No later than April 20, 2011, Plaintiff shall file an opposition to the motion to dismiss and/or a motion for leave to amend the complaint. Defendant's response is due no later than May 17, 2011.[1] The matter will then be set for hearing by the Court.**

**This Order moots the recently filed motion to strike the SAC.**

IT IS SO ORDERED.

**Dated:   March 31, 2011**              /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE

---

[1] Any written reply is due May 24, 2011.