# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVIS, | CASE NO. 1:10-cv-02372-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| SOCIAL SERVICE COORDINATORS, INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

On January 12, 2012, the parties filed a stipulated request for a protective order regarding confidential discovery materials. The Court has reviewed the stipulation and request for a protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES without prejudice the parties' request.

## II. DISCUSSION

**A.  The Parties Fail to Comply with Local Rule 141.1**

The stipulation and proposed order do not comply with Local Rule ("L.R.") 141.1. Pursuant to L.R. 141.1(c), any proposed order submitted by the parties must contain the following provisions:

(1)  A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the

    nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

 (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

 (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

L.R. 141.1(c). The stipulation and proposed order fail to contain any of this required information.

  **1.** **The Parties Fail to Provide a Description of the Type of Information Eligible for Protection Under the Proposed Protective Order**

Under L.R. 141.1(c)(1), the parties must provide "[a] description the types of information eligible for protection under the order." Such information may be "provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." *Id*.

Here, the proposed protective order, under the section entitled "Definitions," sets forth the following as confidential or confidential information:

> [D]ocuments and information, including, without limitation, in response to written discovery and/or in deposition testimony, deposition transcripts, deposition exhibits, interrogatory answers, responses to document requests and requests to admit, and other written and graphic matter . . . in which a Party has a good faith proprietary, property or privacy interest or may regard as nonpublic information which is either confidential or proprietary or commercial or financial or business or personal information.

(Doc. 39, p. 2, ¶ 1(a).)

The parties' broad definition of confidential information as being documents, deposition testimony, transcripts and exhibits, and other discovery responses that deal with proprietary, property or privacy interests, or nonpublic information fails to provide a description regarding "the types of information eligible for protection under the order" as required under L.R. 141.1(c)(1).

  **2.** **The Parties Fail to Show a Particularized Need for Protection**

L.R. 141.1(c)(2) requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." The parties fail to show such a particularized need and simply request information that "a Party has a good faith proprietary, property or privacy interest or may regard as nonpublic information which is either confidential or

proprietary or commercial or financial or business or personal information" be considered confidential. Doc. 39, p. 2, ¶1(a).) 16-1, ¶ 3.) This is far too broad and tenuous a category of information and provides no explanation as to why a particularized need for protection is required or what category of information is covered under the protective order.

### 3. The Parties Fail to Show Why the Need for Protection Should Be Addressed by Court Order

LR. 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties fail to address this requirement.

The Court can perhaps glean from the proposed protective order that the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. (*See* Doc. 39-2.) However, it is unclear as to how the Court could decide on such a dispute since, as discussed above, there is no information provided in the proposed protective order defining confidential materials and therefore no guidance given to the Court as to how such a dispute should be resolved.

## B. The Parties Are Cautioned that the Court Will Not Issue a Sealing Order Absent Good Cause

The Court notes that the proposed protective order indicates that, with regards to disclosure to the Court, "if no Party objects, the filing Party will file an uncontested motion for an order permitting filing under seal with the Court in accordance with current procedures and requirements for seeking such filings." (Doc. 39, p. 6, ¶ 4(d).)

Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The party seeking to seal a document related to a motion must meet the "good cause"

standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-80 (9th Cir. 2010).

As such, if a party seeks to file confidential information under seal with the Court, even if such a request is unopposed, the filing party must comply with the requirements set forth in L.R. 141 concerning the sealing of documents and must make a "good cause" showing pursuant to Rule 26.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES without prejudice the parties' request for a protective order. If the parties would like the Court to consider their stipulation and request, they are directed to refile a stipulation and proposed order that comply with L.R. 141.1(c) and correct the deficiencies set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall refile a revised stipulation and proposed order for a protective order that comply with L.R. 141.1(c) and correct the deficiencies set forth in this order;

2. The parties shall email a conforming copy of the stipulation and proposed order to skoorders@caed.uscourts.gov; and

3. If, upon further consideration, the parties determine that there is no need for a Court order due to a private agreement between them, they shall withdraw their request for a protective order.

IT IS SO ORDERED.

**Dated:   January 24, 2012**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE