# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVIS, | CASE NO. 1:10-cv-02372-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER ALLOWING SUBMISSION OF SUPPLEMENTAL STATEMENT SETTING FORTH GOOD CAUSE TO SEAL DOCUMENTS** |
| SOCIAL SERVICE COORDINATORS, INC., et al., | |
| Defendants. / | |

## I. INTRODUCTION

On April 30, 2012, Plaintiff Lisa Davis ("Plaintiff") filed a "Notice of Request to Seal Documents." (Doc. 46.) Plaintiff wishes to seal documents or portions thereof that she received from Defendants Social Service Coordinators, Inc. and Social Service Coordinators, LLC ("Defendants") during discovery which she intends to file in support of her motion for conditional class certification. For the reasons that follow, Defendants may submit a supplemental statement that contains good cause for sealing the documents.

## II. DISCUSSION

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (footnote

1  omitted). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See*
2  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order
3  without more insufficient basis to seal court records). The right to access is not absolute and can be
4  overridden where there are sufficiently compelling reasons. *Id.*

5  The party seeking to seal a document related to a non-dispositive motion must meet the "good
6  cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders.
7  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Kamakana v. City &*
8  *County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of judicial
9  records attached to dispositive motions versus those attached to non-dispositive motions). In the
10 Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document
11 it seeks to protect, of showing that specific prejudice or harm will result if no protective order is
12 granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples
13 or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*,
14 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted). "If a court finds particularized
15 harm will result from disclosure of information to the public, then it balances the public and private
16 interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d
17 1206, 1211 (9th Cir. 2002).

18 Here, Plaintiff is seeking to seal information that was disclosed by Defendants during
19 discovery and that has been designated by Defendants as "confidential," pursuant to a private
20 agreement between the parties.[1] Plaintiff's request to seal indicates that *Defendants* assert the
21 information sought to be sealed contains "proprietary and private information and/or trade secrets."
22 Plaintiff states that "there is a legitimate risk that Defendant[s] could be harmed by dissemination
23 of the confidential documents and information contained therein." However, these are broad
24 allegations of harm, without any specific examples or reasoning, which do not satisfy the Rule 26(c)
25 good-cause standard. *Beckman Indus., Inc.*, 966 F.2d at 476. Although Plaintiff has filed the motion

---

[1] The parties have agreed that any party wishing to use documents marked "confidential" in connection with any motion filed must request that the Court seal the confidential materials. Further, the parties have agreed that any "confidential" information directly referenced in a pleading or document must be filed under seal.

to seal, it is Defendants' confidential information that is allegedly proprietary, private, and subject to sealing.  Accordingly, Defendants may file a statement in support of Plaintiff's sealing request that sets forth the specific examples of harm that may result if the information sought to be sealed is made public.  Without an additional statement that sets forth the requisite good cause, the statements made in Plaintiff's request to seal are too general and lack the necessary specificity to grant the request.

### III.   CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. **On or before May 15, 2012,** Defendants may submit an optional statement in support of Plaintiff's request to seal setting forth good cause to seal the documents or portions of documents at issue; and

2. Any statement submitted by Defendants should <u>not</u> be filed, but should be emailed to the Court at skoorders@caed.uscourts.gov and should be served on Plaintiff.

IT IS SO ORDERED.

**Dated:   May 11, 2012**            /s/ Sheila K. Oberto
                         UNITED STATES MAGISTRATE JUDGE