# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVIS, | CASE NO. 1:10-cv-02372-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO SEAL DOCUMENTS** |
| SOCIAL SERVICE COORDINATORS, INC., et al., | |
| Defendants. / | |

## I. INTRODUCTION

On April 30, 2012, Plaintiff Lisa Davis ("Plaintiff") filed a "Notice of Request to Seal Documents." (Doc. 46.) Plaintiff wishes to seal documents or portions of documents that Plaintiff received from Defendants Social Service Coordinators, Inc. and Social Service Coordinators, LLC ("Defendants") during discovery. Plaintiff seeks to file these documents in support of her motion for conditional class certification, but pursuant to the parties' agreement regarding confidential discovery documents, requests that the documents be sealed. For the reasons that follow, Plaintiff's request to seal documents is GRANTED IN PART and DENIED IN PART.

## II. DISCUSSION

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'cs, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The right to access is not absolute and can be overridden where there are sufficiently compelling reasons. *Id.*

The party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of judicial records attached to dispositive motions versus those attached to non-dispositive motions).[1] In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, Plaintiff is seeking to seal information that was disclosed by Defendants during discovery and designated as "confidential" pursuant to a private agreement between the parties.[2] Specifically, Plaintiff asserts that certain documents filed in support of Plaintiff's motion to conditionally certify the class should be sealed: (1) portions of the Memorandum of Points and

---

[1] As Plaintiff's sealing request pertains to a non-dispositive motion, the "good cause" standard applies.

[2] The parties have agreed that any party wishing to use documents marked "confidential" in connection with any motion filed must request that the Court seal the confidential materials. Further, the parties have agreed that any "confidential" information directly referenced in a pleading or document must be filed under seal.

Authorities (Doc. 47-1); (2) Exhibits 1, 4, 5, 6, 7, and 8 attached to the Declaration of Alex Tomasevic (Doc. 47-3); and (3) Exhibits A through G attached to the Declaration of Lisa Davis (Doc. 47-4). Plaintiff's request to seal indicates that *Defendants* assert the information sought to be sealed contains "proprietary and private information and/or trade secrets." Plaintiff states that "there is a legitimate risk that Defendant[s] could be harmed by dissemination of the confidential documents and information contained therein."

On May 11, 2012, the Court issued an order indicating that Plaintiff's request to seal was not supported by a sufficiently specific statement of good cause. (Doc. 49.) As such, the Court allowed Defendants, whose documents are the subject of the sealing request, to submit an optional statement in support of Plaintiff's sealing request. (Doc. 49.) On May 15, 2012, Defendants submitted a statement in support of Plaintiff's sealing request, which was served on Plaintiff but was not filed on the docket, pursuant to the U.S. District Court for the Eastern District of California Local Rule 141.

In support of Plaintiff's request to seal, Defendants state that good cause exists to seal Exhibit 5 to the Declaration of Alex Tomasevic as well as Exhibits A, B, and C to the Declaration of Lisa Davis. Defendants do not assert, however, that all the documents Plaintiff identified for sealing should be sealed.

**1.    Exhibits to the Declaration of Alex Tomasevic**

Plaintiff requests that Exhibits 1, 4, 5, 6, 7, and 8 to the Declaration of Alex Tomasevic be sealed. These documents were produced by Defendants during the course of discovery and were ostensibly marked as confidential pursuant to the parties' private agreement regarding confidential discovery materials. In support of Plaintiff's request, Defendants do not seek sealing as to all the Exhibits, but maintain that Exhibit 5 should be sealed because it is a proprietary and confidential document. Specifically, Defendants assert that Exhibit 5 is a highly detailed training manual that is a "roadmap for new hire orientation and training." As such, the document details company policies and procedures that have been developed by Defendants over many years. Defendants assert that the document represents a considerable investment in terms of time and money with respect to its development, refinement, and implementation. These training materials are entitled to

confidential status and should not be disseminated publicly. Defendants assert that should a competitor obtain this information, it would disadvantage Defendants because competitors would have the benefit of the training guide without incurring the administrative and legal expense of developing their own training materials.

In *Navarro v. Eskanos & Adler*, No. C-06-02231 WHA (EDL), 2007 WL 902550, at *5-10 (N.D. Cal. Mar. 22, 2007), the district court considered whether good cause was established to maintain a confidentiality designation with respect to the defendant's training and procedure guide. With respect to pages of the training and procedure guide that provided training information in textual and schematic form, which had been developed by defendant over a number of years to efficiently run the business and provide the company with a competitive advantage in defendant's industry, the court determined there was good cause to maintain the confidentiality designation. *Id.* at * 6. Like *Navarro*, Exhibit 5 is an outline of the training procedures implemented by Defendant to train new employees that, should it be disseminated publicly, may allow Defendants' competitors to reap the benefit of the training format and information without having to incur the costs associated with developing the training manual. The Court finds that there is good cause to seal Exhibit 5 to the Declaration of Alex Tomasevic, which outweighs the public's presumptive right to access judicial documents. Plaintiff's request to seal Exhibit 5 is GRANTED.

As it relates to the remainder of the Exhibits that Plaintiff seeks to seal, Plaintiff has not offered any specific statement of good cause to seal these documents and Defendants do not claim these documents should be filed under seal. Therefore, Plaintiff's request to seal Exhibits 1, 4, 6, 7, and 8 to the Declaration of Alex Tomasevic is DENIED.

**2.  Exhibits to the Declaration of Lisa Davis**

Plaintiff requests that Exhibits A through G to the Declaration of Lisa Davis be filed under seal. Defendants maintain that Exhibits A through C to the Declaration of Lisa Davis contain confidential, proprietary information about Defendants' business and job-specific instruction for certain employees.

Exhibit A is an Outreach Script that reveals talking points for various aspects of client communication. Exhibit B contains goals and strategy for employees while communicating with

4

1  prospective clients.  Exhibit C is a business-specific form used to efficiently run the business and
2  better facilitate the exchange and recording of critical information from clients and relevant
3  employee groups.  None of this information is made publicly or commercially available, and
4  Defendants assert that disclosure of the information would advantage their competitors who would
5  benefit from the information without having to make the investments that Defendants were required
6  to make to develop the information in the first instance.  Good cause to seal is generally found where
7  the disclosure of proprietary information could cause a party competitive injury.  *See, e.g., Otoski*
8  *v. Avidyne Corp*., No. CV 09-3041-PK, 2010 WL 5158390, at *3 (D. Or. Dec. 13, 2010) (documents
9  containing proprietary information related to the company's design process, including research,
10 analysis, findings, and communications containing proprietary facts that could damage competitive
11 position ordered sealed).  The Court finds that there is good cause to seal Exhibits A through C to
12 the Declaration of Lisa Davis as these documents are proprietary and disclosure may cause
13 Defendants competitive harm.  Plaintiff's request to seal these documents is GRANTED.

14 Plaintiff has not provided good cause to seal the remainder of the Exhibits D through G, and
15 Defendants do not assert these documents should be sealed.  Thus, Plaintiff's request to seal Exhibits
16 D through G is DENIED.

17 **3.   Plaintiff's Memorandum of Points and Authorities**

18 Plaintiff asserts that various portions of her Memorandum of Points and Authorities
19 ("P&As"), filed in support of her motion for conditional class certification, must be sealed because
20 they discuss or quote from documents that Plaintiff has sought to seal.  As it relates to references in
21 the P&As to Exhibit 5 to the Declaration of Alex Tomasevic and Exhibits A through C to the
22 Declaration of Lisa Davis, those references should be redacted and otherwise sealed.  Specifically,
23 page 7, lines 11 through 14, should be redacted and sealed because they contain reference to Exhibit
24 5 to the Declaration of Alex Tomasevic, and page 17, lines 12-13 and lines 14-16 should be redacted
25 and sealed as they contain references to Exhibit 5 to the Declaration of Alex Tomasevic. To this
26 extent, Plaintiff's request to seal these portions of the P&As is GRANTED.

27
28

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal documents is GRANTED IN PART and DENIED IN PART as follows:

    a. The request to seal portions of pages 7 and 17 of the Memorandum of Points and Authorities is GRANTED;

    b. The request to seal Exhibit 5 to the Declaration of Alex Tomasevic is GRANTED;

    c. The request to seal Exhibits A through C to the Declaration of Lisa Davis is GRANTED;

    d. The request to seal additional documents or portions of documents is DENIED;

2. Plaintiff is directed to submit the documents to be sealed to the Clerk of the Court as provided in Local Rule 141(e)(2)(i);[3] and

3. As to Plaintiff's Memorandum of Points and Authorities (Doc. 47-1), an unredacted version of this document should be provided to the Clerk so that it may be sealed, and a redacted version of this document as set forth in this order should be re-filed.

IT IS SO ORDERED.

**Dated:**   May 29, 2012                      /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE

---

[3] Should Plaintiff elect to submit the documents to be sealed to the Clerk of Court electronically, this can be accomplished by emailing the documents to ApprovedSealed@caed.uscourts.gov. A link to the Clerk's email address for sealed documents is contained on the Court's website at the following location: http://www.caed.uscourts.gov/caed/staticother/page_1652.htm.